IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 18-558(PG)

[2] EUGINE PERCY ANTONMARCHI ARRIAGA
Defendant.

**PLEA AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

**TO THE HONORABLE COURT**:

**COMES NOW**, the United States of America, by and through its attorneys for the District of Puerto Rico: W. Stephen Muldrow, United States Attorney; Myriam Y. Fernandez Gonzalez, Assistant United States Attorney and Chief, Criminal Division; Alberto R. López-Rocafort, Assistant United States Attorney, Deputy Chief of the Gang Unit; and Teresa S. Zapata Valladares, Assistant United States Attorney, along with Defendant, **[2] EUGINE PERCY ANTONMARCHI ARRIAGA** and his counsel Diego Alcala, Esq and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to **Count ONE** of the Indictment. **Count ONE** of the Indictment charges, in sum and substance, that on or about August 24, 2018 in the District of Puerto Rico and within the jurisdiction of this Court, **[2] EUGINE PERCY ANTONMARCHI**

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

**ARRIAGA,** the Defendant herein and others did knowingly and unlawfully possess machineguns, that is, One (1) Glock 23 Gen 4 .40 caliber, serial number WKF408; One (1) Glock 23 Gen 4 .40 caliber, serial number BHEU224; One (1) Glock 21 .45 caliber, serial number WDC904, all modified to fire in the automatic mode which shoots automatically more than one shot, without manual reloading, by a single function of the trigger, and with an attached part designed and intended solely and exclusively for use in converting the pistol into a machinegun. All in violation of Title 18, United States Code, Sections 922(o), 921(a)(23), and 924(a)(2); and Title 26, United States Code, Section 5845(b).

### MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count One of the Indictment in case is a term of imprisonment of not more than 10 years, pursuant to Title 18, United States Code, Section 924(a)(2); a fine not to exceed $250,000.00, pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than 3 years, pursuant to Title 18, United States Code, Section 3583(b)(2); and a Special Monetary Assessment of $100.00, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 2. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker and

2

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

United States v. Fanfan, 543 U.S. 220 (2005). Furthermore, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 3. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of $100.00, per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 4. FINES AND/OR RESTITUTION

Defendant is aware that the Court may, pursuant to USSG §5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

### 5. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application and Background Notes. Furthermore, the Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. The Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-

3

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

6. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

| SENTENCING GUIDELINES CALCULATION TABLE AS TO **COUNT ONE** OF THE INDICTMENT | |
|---|---|
| The offense involved a firearm described in 26 U.S.C. § 5845(a) and the Defendant was a prohibited person at the time of the commission of the offense U.S.S.G. § 2K2.1(a)(4)(B) | 20 |
| Specific Offense Characteristic: Offense involved three or more firearms (3-7 firearms) | +2 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's base offense level shall be further reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| TOTAL OFFENSE LEVEL | 19 |



7. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

8. **SENTENCE RECOMMENDATION**

As to Count One of the Indictment, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to recommend a sentence within a range of 33-41 months of imprisonment.

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

## 9. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 41 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 10. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted offense level and no variance sentence under Title 18, United States Code, §3553 shall be sought by Defendant. The parties agree that any request for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement. Should either party be in material breach, the other party will be free to ask for any sentence, either guideline or statutory.

## 11. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with Counsel Diego Alcala, Esq. and asserts that counsel has rendered effective legal assistance.

## 12. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

      be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorneys would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 13. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

6

### 14. FORFEITURE AGREEMENT

Defendant agrees to forfeit all of his rights, titles and interest in any and all firearms, ammunition and magazines involved in the offenses. All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

### 15. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.




### 16. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

### 17. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 18. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

### 19. BREACH AND WAIVER

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernandez Gonzalez
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 12.26.19

_____
Alberto R. López-Rocafort
Assistant United States Attorney
Deputy Chief, Gang Unit
Dated: 12.26.19

_____
Teresa S. Zapata Valladares
Assistant United States Attorney
Dated: 12.20.19

_____
Diego Alcala
Counsel for Defendant
Dated: 1/24/2020

_____
EUGINE PERCY ANTONMARCHI ARRIAGA
Defendant
Dated: 1/24/2020

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 1/24/2020

EUGINE PERCY ANTONMARCHI ARRIAGA
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1/24/2020

Diego Alcala
Defense counsel

9

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 18, United States Code, Section 922(o). The following is a synopsis of the facts that the Government would have proven beyond a reasonable doubt at trial:

On August 23, 2018, Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and Puerto Rico Police Department (PRPD) interviewed a Source of Information (SOI). During the interview, the SOI provided information related to the location of a fugitive, who had a state arrest warrant. The SOI stated that the fugitive lives in a white in color residence in Urb. Brisas de Laurel and informed that the residence had a wooden gate on the side. SOI also stated that in front of the aforementioned residence there should be a grey Toyota 4Runner and a white Toyota Corolla.

Based on the information provided by the SOI, ATF and PRPD agents conducted surveillance of the above mentioned residence at Urb. Brisas de Laurel. Throughout the period of the surveillance ATF and PRPD agents were able to identify the residence which was a white in color residence with a wooden gate, located in Calle Diamante #407 and a Toyota 4Runner parked in the back of the garage. ATF and PRPD surveillance observed the fugitive arrive in a white Hyundai Tucson and enter the aforementioned residence.

PRPD agents with the assistance of ATF agents went to the residence while identifying

10

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

themselves as police and upon entering the garage, PRPD agents saw one of the individuals in the residence attempting to run away from the residence. Agents then detained him. PRPD and ATF agents knocked and announced themselves as police and gave commands to the individuals in the residence, including [2] EUGINE PERCY ANTONMARCHI ARRIAGA, to exit.

PRPD agents conducted a protective sweep inside the residence and found the following items at plain view:

    a)    One (1) Glock pistol, model 23 Gen 4 .40 caliber, serial number WKF408, modified to fire more than one round by a single pull of the trigger loaded with 13 rounds of .40 caliber ammunition.

    b)    One (1) Glock pistol, model 23 Gen 4 .40 caliber, serial number BHEU224, modified to fire more than one round by a single pull of the trigger loaded with 22 rounds of .40 caliber ammunition.

    c)    One (1) Glock pistol, model 21 .45 caliber, serial number WDC904, modified to fire more than one round by a single pull of the trigger loaded with 13 rounds of .45 caliber ammunition.

    d)    Six hundred and ninety dollars ($690.00) in US Currency.

    e)    One (1) small clear plastic vial containing green leafy substance of marijuana.

    f)    12 cellular phones and 1 tablet

Defendant admits that he knowingly and unlawfully possessed the abovementioned firearms that had been modified to fire automatically more than one round of ammunition without manual reloading by a single function of the trigger.

11

*Plea and Forfeiture Agreement*
*Criminal No. 18-558(PG)*

Full Discovery has been provided to Defendant for his review.

_____
Teresa S. Zapata Valladares
Assistant United States Attorney
Dated: 1.24.20

_____
Diego Alcala
Counsel for Defendant
Dated: 1/24/2024

_____
EUGINE PERCY ANTONMARCHI
ARRIAGA
Defendant
Dated: 1/24/2020